# PENDLETON GRAIN GROWERS, INC.,
## *Appellant,*
### *v.*
# LARSON,
## *Respondent.*

(No. 11,446, CA 13706)

601 P2d 1273

Garry L. Reynolds, Hermiston, argued the cause and filed the brief for appellant.

No appearance for respondent Roger L. Larson dba Robo Timber Co., Pendleton.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Plaintiff filed a complaint alleging an account stated between itself and defendant. The complaint alleged that the defendant was indebted to plaintiff in the sum of $13,131.60 and asked for judgment with interest on that amount. Plaintiff appeals from the court's order granting summary judgment for the defendant. We reverse.

Defendant filed an affidavit in support of his motion for summary judgment stating that he is president of Robo Timber Co., Inc., and that the account in question relates to fuel and goods ordered by Robo Timber for corporate purposes. Defendant stated that at no time did he have a personal contract or credit agreement with the plaintiff. Statements were sent to "Robo Timber Co., Roger L. Larson" at defendant's personal residence, but defendant avers that he assumed they were sent to him in his capacity as president of Robo Timber. Amounts paid to plaintiff Pendleton Grain Growers, Inc. (PGG) were paid on corporate checks and signed by Larson as president. In support of his affidavits defendant introduced copies of two checks issued by Robo Timber, Inc., to PGG, and a copy of the certificate of incorporation for Robo Timber dated May 5, 1975.

Plaintiff (PGG) filed an affidavit of its credit manager in opposition to defendant's motion. The manager stated that the defendant opened an account on July 1, 1974, to begin a new business called Robo Timber Co. Defendant instructed the credit manager to send the statements to his home address. At all times statements were sent to "Robo Timber Co., Roger L. Larson," at his personal residence. When the account was delinquent the credit manager would call the defendant at his place of employment (not Robo Timber) and be assured that payment would be made. At no time, according to the manager, was any PGG employe informed of defendant's desire to modify or change the account or the persons liable on that account.

[881]

Summary judgment can only be granted if, from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ORS 18.105(3).

> "The moving party has the burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. The record on summary judgment is viewed in the light most favorable to the party opposing the motion. This is true even as to those issues upon which the opposing party would have the trial burden." *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

*See also Uihlein v. Albertson's, Inc.,* 282 Or 631, 634, 580 P2d 1014 (1978); *Taylor v. Baker,* 279 Or 139, 145, 566 P2d 884 (1977).

Defendant opened the account in his own name but claims that liability on the account was assumed by Robo Timber Company when that company was incorporated. Plaintiff claims not to have agreed to a change in liability. There is a material issue of fact as to whether the parties had effected a change in liability on the account. Granting summary judgment was inappropriate.

Because of the disposition we make of this assignment of error, we do not consider the plaintiff's other two assignments.

Reversed and remanded.